

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00320-CR

JOSEPH HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B18698-1102, Honorable Edward Lee Self, Presiding

January 16, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Joseph Hernandez was convicted after a guilty plea of two counts of aggravated assault. Pursuant to a plea bargain, the adjudication of his guilt was deferred for five years, and he was placed on community supervision. Subsequently, the State filed a motion to proceed with adjudication of appellant's guilt. Appellant pled true to the allegations that he had violated the terms of his community supervision, his probation was revoked, and he was adjudicated guilty and sentenced to ten years imprisonment on both counts and a fine of $5,000 on one count.

Appellant's counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se*. He also represented to this court that he provided a copy of the appellate record to appellant. By letter, this court informed appellant of his right to file a brief or response by December 22, 2014, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal which included 1) the original indictment, the original plea of guilty including the admonitions, the voluntariness of the guilty plea, and the sufficiency of the evidence, 2) whether appellant was competent to plead true to the violations of his probation, 3) the propriety of the sentence imposed, 4) whether the written judgment accurately reflects the sentence imposed and properly applies any credits, 5) the sufficiency of the evidence to support the revocation of appellant's probation, and 6) the effectiveness of trial counsel. However, he explained why each issue lacks merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 508 (Tex. Crim. App. 1991). Upon doing so, we concur with counsel's conclusions.

---

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


Brian Quinn
Chief Justice



Do not publish.